Slip Op. 17-151

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ERWIN HYMER GROUP NORTH AMERICA, INC.,** | |
| **Plaintiff,** | **Before: Claire R. Kelly, Judge** |
| **v.** | **Court No. 16-00133** |
| **UNITED STATES,** | **PUBLIC VERSION** |
| **Defendant.** | |

## <u>OPINION</u>

[Granting Defendant's motion for judgment on the agency record and denying Plaintiff's motion for judgment on the pleadings.]

Dated: November 3, 2017

<u>John M. Peterson</u>, Neville Peterson, LLP, of New York, NY, argued for plaintiff. With him on the brief was <u>Richard F. O'Neill</u>.

<u>Marcella Powell</u>, Trial Attorney, International Trade Field Office, Civil Division, U.S. Department of Justice, Commercial Litigation Branch, of New York, NY, argued for defendant. With her on the brief were <u>Chad A. Readler</u>, Acting Assistant Attorney General, and <u>Amy M. Rubin</u>, Assistant Director, International Trade Field Office. Of Counsel on the brief was <u>Michael W. Heydrich</u>, Office of Assistant Chief Counsel, U.S. Customs and Border Protection.

Kelly, Judge: Before the court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the agency record. Pl.'s Mot. J. Pleadings, Jan. 12, 2017, ECF No. 24 ("Pl.'s Mot."); Def.'s Mot. J. Agency R., Apr. 28, 2017, ECF No. 32. Plaintiff, Erwin Hymer Group North America, Inc. ("Erwin Hymer" or "Plaintiff"), challenges United States Customs and Border Protection's ("CBP" or "Customs") decision to not refund duties following the "approval" of Plaintiff's protest challenging CBP's classification

of entries of vehicles imported by Plaintiff.  Pl.'s Mot. 1.  Plaintiff claims that CBP has a

nondiscretionary duty that it failed to execute.  <u>See</u> Mem. P. & A. Supp. Pl.'s Mot. J.

Pleadings 7–13, Jan. 12, 2017, ECF No. 24-2 ("Pl.'s Br."); Pl.'s Reply Supp. Mot. J.

Pleadings and Resp. Opp'n Def.'s Mot. J. Agency R. 5–16, June 15, 2017, ECF No. 35

("Pl.'s Resp. & Reply Br.").  Plaintiff seeks a writ of mandamus directing CBP to reliquidate

the entries and refund, with interest, all duties paid with respect to the entries.  Compl. 8,

July 18, 2016, ECF No. 2; Pl.'s Br. 1.  Defendant argues that the Court lacks jurisdiction

over the claim, Def.'s Mem. Opp'n Pl.'s Mot. J. Pleadings and Supp. Def.'s Mot. J. Agency

R. 11–14, Apr. 28, 2017, ECF No. 32 ("Def.'s Br."), and, alternatively, moves for judgment

on the agency record, contending that CBP did not have a clear, mandatory, and

nondiscretionary duty to act.  <u>See id.</u> at 14–17.  For the reasons set forth below, the Court

has jurisdiction over Plaintiff's claim, Plaintiff's motion for judgment on the pleadings is

denied, and Defendant's motion for judgment on the agency record is granted.

## BACKGROUND

Erwin Hymer, formerly operating as Roadtrek Motorhomes, Inc., imported into the

United States from Canada 149 entries of vehicles on various dates during the second

half of 2014.[1]  Compl. ¶ 8; Answer ¶ 8, Nov. 16, 2016, ECF No. 15.  CBP liquidated each

of the entries on various dates between May and September 2015 and assessed duties.

---

[1] Although Roadtrek Motorhomes Inc. filed the protest at issue here and is the importer of record, <u>see</u> Pl.'s Br. 1 n.1, the court refers to "Plaintiff" or "Erwin Hymer" in place of Roadtrek Motorhomes Inc. for ease of reference.

Compl. ¶ 9; Answer ¶ 9.  CBP classified the entries under subheading 8703.24.00[2] of the

Harmonized Tariff Schedule of the United States (2014) ("HTSUS"),[3] covering "Motor cars

and other motor vehicles principally designed for the transport of persons . . . : Other

vehicles, with spark-ignition internal combustion reciprocating piston engine: Of a cylinder

capacity exceeding 3,000 cc," which carries a duty rate of 2.5 percent ad valorem.  Compl.

¶ 9; Answer ¶ 9; see also Subheading 8703.24.00, HTSUS.

Plaintiff timely filed its protest with the Port of Detroit, Michigan,[4] challenging the

classification of its imported merchandise at liquidation.  Compl. ¶ 10; Answer ¶ 10; see

Protest No. 3801-15-100496, CD 1 (Oct. 27, 2015), ECF No. 23 ("Protest").[5]  In its protest

---

[2] Plaintiff states that its entries were liquidated under subheading 8703.24.00.30, HTSUS, Compl. ¶ 9, while Defendant avers that they were liquidated under subheading 8703.24.00 and explains that the ninth and tenth digits Plaintiff included are not part of HTSUS classification and serve purely as statistical data.  Answer ¶ 9.  This discrepancy is not relevant to the court's review.

[3] Plaintiff's entries were entered in the second half of 2014.  Compl. ¶ 8; Answer ¶ 8.  Therefore, all references to the HTSUS refer to the 2014 edition corresponding to the version of the HTSUS in effect at the time of entry.

[4] The parties do not dispute that the protest was timely filed, but disagree on the dates the protest was filed and received.  Compl. ¶ 10; Answer ¶ 10.  Plaintiff states that the protest was filed on October 27, 2015 and stamped as "received" on October 28, 2015, at 11:24 a.m., while Defendant states that it was filed on October 29, 2015 and stamped as "received" on the same day at 11:24 a.m.  Id.  The cover letter to Plaintiff's protest is dated October 27, 2015, while the stamp from CBP on the cover letter is dated October 29, 2015, see Protest, and reproductions of Defendant's internal records show "102915" in the "Protest Received Date" field.  See CBP E-mails dated January 11, 2016 and January 12, 2016 at Jan. 12, 2016, 7:23 a.m., PD 5 (Jan. 11–12, 2016), ECF No. 16 (reproducing a copy of the "Protest Trailer Record").  However, because Plaintiff filed its protest within the 180-day timeframe prescribed by the statutory and regulatory schemes, see Compl. ¶ 9; Answer ¶ 9; see also 19 U.S.C. § 1514(c)(3); 19 C.F.R. § 174.12(e) (2014), and the parties do not dispute timeliness, this date discrepancy is not relevant to the court's review.

[5] On November 16, 2016 and November 23, 2016, respectively, Defendant filed the public and confidential administrative records of this case.  Public Administrative Record, Nov. 16, 2016, ECF No. 16; Confidential Administrative Record, Nov. 23, 2016, ECF No. 23.  All administrative record documents cited in this opinion are located on the docket at those entries, and are identified by the record document numbers provided within each administrative record.

and supporting memorandum of law, Plaintiff described the alterations made to its entries

in Canada, and explained why its entries were entitled to duty-free treatment and properly

classifiable in subheading 9802.00.50, HTSUS.[6]  See Protest; Pl.'s Br. 2–3 (reproducing

the contents of Plaintiff's Protest addressing each decision protested), 7–8; Def.'s Br. 2.

Plaintiff asked Customs to reliquidate the entries duty-free, and to refund all deposited

duties, plus interest as provided by law.  Compl. ¶ 10; Answer ¶ 10.  In its accompanying

cover letter, Plaintiff "request[ed] that [CBP] suspend action on th[e] protest pending a

decision in Roadtrek Motorhomes, Inc. v. U[nited] S[tates], Court No. 11-00249."[7]

Protest; Def.'s Br. 2–3.

On December 31, 2015,[8] a CBP Import Specialist checked the box labeled

"Approved" in field 17 of Plaintiff's protest form.  See Pl.'s Br. 3 (reproducing fields 17–19

of Plaintiff's Protest);[9] Def.'s Br. 3; Compl. ¶¶ 13–14; Answer ¶¶ 13–14; see also Protest.

---

[6] This subheading covers "[a]rticles returned to the United States after having been exported to be advanced in value or improved in condition by any process of manufacture or other means: Articles exported for repairs or alterations: Other."  Subheading 9802.00.50, HTSUS.

[7] The case identified by Plaintiff in its cover letter was suspended pending a final court decision in the test case, Pleasure-Way Industries, Inc. v. United States, Court No. 10-00173.  See Order, Oct. 7, 2014, ECF No. 22, Roadtrek Motorhomes Inc. v. United States, Court No. 11-00249.  On October 18, 2016, a decision was issued in the test case.  See Pleasure-Way Industries, Inc. v. United States, 40 CIT __, Slip Op. 16-100 (Oct. 18, 2016).

[8] The parties agree that the date stamped on the protest is illegible.  Compl. ¶ 13; Answer ¶ 13. Defendant alleges that the protest was marked "Approved" on December 31, 2015.  Def.'s Br. 3. As this date is not dispositive, it is not relevant to the court's review of this case.

[9] The copy of Plaintiff's protest reproduced in the public administrative record is entirely redacted. See Protest, PD 1 (Oct. 27, 2015), ECF No. 16.  However, the parties subsequently made public certain relevant information in the protest and supporting materials by including that information in their public submissions to this court.  In particular, Plaintiff attached to the Complaint a copy of the protest form, entirely unredacted.  See Compl. at Ex. A.  As a result, citations to the protest in this Opinion will provide a parallel citation to a party submission where the relevant information was made public.

On January 5, 2016, a CBP Entry Specialist sent Plaintiff's protest back to the Import

Specialist "for a Supervisor[']s approval and [f]or amount of the refund of each entry to be

refunded on Duty and any [merchandise processing fees]."  Transmittal Slip from [Entry

Specialist] to CT345 dated January 5, 2016, PD 2 (Jan. 5, 2016), ECF No. 16

("Transmittal Slip"); see also CBP E-mails dated January 11, 2016 and January 12, 2016

at Jan. 12, 2016, 7:44 a.m., 8:02 a.m., 8:07 a.m., 8:10 a.m., PD 5 (Jan. 11–12, 2016),

ECF No. 16 ("Jan. 11–12 E-mails") (reproducing internal CBP email communications

discussing the location of Plaintiff's protest).  A handwritten notation on this transmittal

sheet states: "In suspense pending [Court of International Trade] decision."  Transmittal

Slip.  On January 11, 2016, a Supervisory Import Specialist advised the Entry Director at

the Port of Detroit, Michigan that Plaintiff's protest should be suspended and should not

be reliquidated.  Jan. 11–12 E-mails at Jan. 11, 2016, 4:17 p.m.  On January 12, 2016,

the Entry Director advised the same Supervisory Import Specialist, via e-mail, that the

protest was being returned to the Import Specialist who initially marked Plaintiff's protest

"Approved" because it was not signed by a Supervisory Import Specialist.  Id. at Jan. 12,

2016, 8:07 a.m.

Defendant states that, on January 21, 2016, the Import Specialist who originally

handled Plaintiff's protest "changed the status of the protest from approved to suspended"

in CBP's recording system.  Def.'s Br. 4 (citing ACS Screenshots of Updates Concerning

Protest, PD 6 (Aug. 3, 2016), ECF No. 16 ("ACS Screenshots")); see ACS Screenshots

at ACS Note 001 (showing the "Remarks" field of a note to a record of Plaintiff's protest

in CBP's system showing the "Create Date" as "01/21/2016" and reading, "Protest placed

in suspense pending [Court of International Trade] decision"). Defendant states that on

March 17, 2016, an individual from Plaintiff's counsel e-mailed CBP, stating that on

January 11, 2016, it received a copy of the "approved protest" from CBP. Def.'s Br. 4

(citing E-mails dated March 17, 2016, Subject: Roadtrek Motorhomes Protest No. 3801-

15-100496 at 11:09 a.m., CD 7 (Mar. 17, 2016), ECF No. 23 ("March 17 E-mails")). That

same communication asked CBP to confirm "that [Plaintiff's] protest [was] suspended

pending a case in the Court of International Trade." See March 17 E-mails at 11:09 a.m.;

E-mails dated March 17, 2016, Subject: Roadtrek Motorhomes Protest at 11:09 a.m., PD

7 (Mar. 17, 2016), ECF No. 16 ("Public March 17 E-mails"). The same day, via email, the

Import Specialist handling Plaintiff's protest confirmed that the protest was suspended

"pending a decision from the Court of International Trade."[10]  March 17 E-mails at 11:16

a.m.; Public March 17 E-mails at 11:16 a.m.

## STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Rules of the

United States Court of International Trade ("USCIT") is reviewed under the same standard

as a motion to dismiss under USCIT Rule 12(b)(6) for failure to state a claim. See Forest

Labs., Inc. v. United States, 29 CIT 1401, 1402–03, 403 F. Supp. 2d 1348, 1349 (2005),

aff'd, 476 F.3d 877 (Fed. Cir. 2007). USCIT Rule 12(b)(6) parallels Federal Rule of Civil

---

[10] On October 18, 2016, a decision was issued for test case Pleasure-Way Industries, Inc. v. United States, Court No. 10-00173, holding that the subject entries, i.e., van-based motorhomes, were properly classifiable in subheading 8703.33.00, HTSUS, and not in subheading 9802.00.50, HTSUS.  See Pleasure-Way Industries, Inc. v. United States, 40 CIT __, Slip Op. 16-100 (Oct. 18, 2016), appeal docketed, No. 17-1190 (Fed. Cir. Nov. 9, 2016).  In that case, the court further noted that Customs properly revoked its original classification ruling and declared the classification ruling was void ab initio. Id., 40 CIT at __, Slip Op. at 11.

Procedure 12(b)(6) for failure to state a claim.[11]  <u>Compare</u> USCIT R. 12(b)(6) <u>with</u> Fed.

R. Civ. P. 12(b)(6).  In deciding such a motion, the court assumes all factual allegations

to be true and draws all reasonable inferences in favor of the non-moving party.  <u>See</u>

<u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Cedars-Sinai Med. Ctr. v. Watkins</u>, 11

F.3d 1573, 1584 n.13 (Fed. Cir. 1993); <u>Gould, Inc. v. United States</u>, 935 F.2d 1271, 1274

(Fed. Cir. 1991).  A "party may move for judgment on the pleadings after the pleadings

are closed and if it would not delay trial."  <u>Forest Labs, Inc.</u>, 29 CIT at 1402, 403 F. Supp.

2d at 1349.

An action commenced under 28 U.S.C. § 1581(i) (2012)[12] is reviewed as provided

in section 706 of the Administrative Procedure Act ("APA"), as amended, 5 U.S.C. § 706

(2012).[13]  28 U.S.C. § 2640(e); <u>see</u> <u>Humane Soc. of United States v. Clinton</u>, 236 F.3d

1320, 1324 (Fed. Cir. 2001).  Under the APA, the court "shall compel [an] agency action

unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  "[A] claim under

§ 706(1) can proceed only when a plaintiff asserts that an agency failed to take a discrete

agency action that it is required to take."  <u>Norton v. S. Utah Wilderness All.</u>, 542 U.S. 55,

64 (2004) (emphasis omitted).  The court's scope of review of actions commenced

pursuant to this provision is limited, and may not be wielded to prescribe the manner in

---

[11] In United States District Courts, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert . . .  by motion [seven defenses]."  Fed. R. Civ. P. 12(b)(1)–(7).  One of these defenses is failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

[12] Further citations to Title 28 of the United States Code are to the 2012 edition.

[13] Further citations to the Administrative Procedure Act, as amended, are to the relevant provisions of the United States Code, 2012 edition.

which an agency is to carry out the compelled act, or "to specify what the action must be."

Id. at 65.

## DISCUSSION

Plaintiff asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(1) and § 1581(i)(4).  Compl. ¶ 3; Pl.'s Br. 4.  Plaintiff claims that CBP's decision to mark the protest "Approved" triggered certain legal duties which CBP was required to perform under section 515(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515(a) (2012),[14] Pl.'s Br. 7–13, such that CBP's refusal to reliquidate the entries and refund the duties, plus interest, constitutes agency action unlawfully withheld.  See id. at 13–18; see also id. at 3 (reproducing fields 17–19 of Plaintiff's protest form).  Defendant, in turn, argues that this Court lacks jurisdiction under any subsection of 28 U.S.C. § 1581 and that, even if the Court has jurisdiction, CBP has the authority to rescind an approval of a protest prior to reliquidation.  See Def.'s Br. 11–14.  Defendant contends that CBP's actions in processing the protest did not trigger any duty on its behalf to reliquidate and issue a refund.  Def.'s Br. 14–17.

### I.   **Jurisdiction**

Plaintiff claims that the Court has jurisdiction to hear a challenge to CBP's authority to withhold a refund of excess duties paid once the "Approved" box is checked on a CBP protest form.  See Pl.'s Br. 7–13.  Defendant challenges Plaintiff's assertion and argues that, in this case, only the denial of a protest could trigger the Court's jurisdiction,

---

[14] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of the United States Code, 2012 edition.

specifically pursuant to § 1581(a).[15] <u>See</u> Def.'s Br. 13–14. For the reasons that follow, the Court has jurisdiction over Plaintiff's claim challenging CBP's authority to withhold a refund following an approval of a protest where CBP has not reliquidated the entries in question.

The party seeking the Court's jurisdiction has the burden of establishing that jurisdiction exists. <u>See</u> <u>Norsk Hydro Can. Inc. v. United States</u>, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The Court's residual jurisdiction under 28 U.S.C. § 1581(i) "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." <u>Miller & Co. v. United States</u>, 824 F.2d 961, 963 (Fed. Cir. 1987). In relevant part, 28 U.S.C. § 1581(i) provides:

> (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--
> (1) revenue from imports or tonnage;
> (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue
> . . . or
> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

---

[15] Plaintiff's protest is currently marked as "suspended" in CBP's recording system. <u>See</u> Def.'s Br. 4; <u>see also</u> ACS Screenshots at ACS Note 001.

28 U.S.C. § 1581(i).  The court must look to the "true nature of the action" to determine whether jurisdiction under 28 U.S.C. § 1581(i) exists.  Cf. Norsk Hydro Can., 472 F.3d at 1355 (quoting Williams v. Sec'y of Navy, 787 F.2d 552, 557 (Fed. Cir. 1986)).

This Court's residual jurisdiction under 28 U.S.C. § 1581(i)(4) authorizes it to review causes of action "arising out of the specific categories of laws described" in, inter alia, 28 U.S.C. § 1581(i)(1)–(3).  Vivitar Corp. v. United States, 7 CIT 170, 174, 585 F. Supp. 1419, 1424 (1984).  Pursuant to 28 U.S.C. § 1581(i)(1), the Court has jurisdiction over actions "aris[ing] out of any law of the United States providing for . . . revenue from imports or tonnage." 28 U.S.C. § 1581(i)(1).  Therefore, the Court has residual jurisdiction under 28 U.S.C. § 1581(i)(4) over an action that involves the administration and enforcement of any law providing for revenue from imports, per 28 U.S.C. § 1581(i)(1). 28 U.S.C. § 1581(i)(4).  These laws would include laws: imposing particular tariffs for the purpose of raising revenue, including tariffs on vehicles; providing for the mechanism for refunding those tariffs where CBP agrees that moneys have been overpaid; and providing for the process of liquidation or reliquidation.  See 19 U.S.C. §§ 1500 (providing Customs with the authority to establish procedures to assess and collect revenue from imports),[16]

---

[16] Customs has broad authority to establish procedures assessing and collecting revenue from imports under 19 U.S.C. § 1500, which provides:

The Customs Service shall, under rules and regulations prescribed by the Secretary—

(a) fix the final appraisement of merchandise by ascertaining or estimating the value thereof, under section 1401a of this title, by all reasonable ways and means in his power, any statement of cost or costs of production in any invoice, affidavit, declaration, other document to the contrary notwithstanding;

(footnote continued)

1505(b) (directing Customs to collect or refund any duties, fees, and interest upon

liquidation or reliquidation of an entry), 1514(a), (c) (explaining that Customs' decision as

to liquidation or reliquidation is final unless a protest is filed, and providing procedures for

filing a protest); see generally HTSUS (providing laws imposing tariffs on various

merchandise).

        In this action, Plaintiff challenges the administration and enforcement of

procedures under 19 U.S.C. § 1515(a) for allowing a protest.  Pl.'s Br. 7–13.  Under the

relevant statutory and regulatory schemes, unless a party files a request for an

accelerated disposition, CBP must review a properly filed protest and allow or deny it, in

whole or in part, within two years from the date of filing.  See 19 U.S.C. § 1514(a)

(explaining that Customs' decisions are final and conclusive unless a protest is timely

filed); 19 U.S.C. § 1514(c) (describing the form, contents and timeline for filing a protest);

19 U.S.C. § 1515(a) (providing for the administrative review of filed protests); 19 C.F.R.

§ 174.29 (2014) (directing the port director to allow or deny a protest, filed under 19 U.S.C.

§ 1514, which challenges a Customs' decision pertaining to e.g., liquidation or

---

(b) fix the final classification and rate of duty applicable to such merchandise;

(c) fix the final amount of duty to be paid on such merchandise and determine any increased or additional duties, taxes, and fees due or any excess of duties, taxes, and fees deposited;

(d) liquidate the entry and reconciliation, if any, of such merchandise; and

(e) give or transmit, pursuant to an electronic data interchange system, notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall by regulation prescribe.

19 U.S.C. § 1500.

reliquidation of an entry).[17]  If a protest is denied, an importer may challenge that denial

in this Court pursuant to 28 U.S.C. § 1581(a).[18]  <u>See</u> 28 U.S.C. § 1581(a).  However, if a

protest is allowed, "any duties, charge, or exaction found to have been assessed or

collected in excess shall be remitted or refunded and any drawback found due shall be

paid."  19 U.S.C. § 1515(a).  Section § 1581(a) of Title 28 does not provide a jurisdictional

route to an importer who claims that its protest was "allowed" by virtue of a CBP official

checking the "Approved" box on a CBP protest form, and where the importer's protested

entries were not reliquidated.  <u>See</u> 28 U.S.C. § 1581(a).  Such a claim does not involve a

denied protest, but rather the procedures for allowing a protest.  The procedures for

allowing a protest (i.e., the steps CBP takes to review a protest to fulfill its obligations

under 19 U.S.C. § 1515(a), which culminate in reliquidation, <u>see</u> 19 U.S.C. § 1515(a),

and subsequent refunding of duties found to have been collected in excess, <u>see</u> 19 U.S.C.

§ 1500), involve the administration and enforcement of the laws providing for the revenue

from imports, not reviewable by any other jurisdictional route.  <u>See also</u> 28 U.S.C.

§ 1581(i)(1), (4).  Accordingly, the Court has residual jurisdiction to review a claim

challenging this procedure pursuant to 28 U.S.C. § 1581(i)(4).

Defendant does not make any argument to counter Plaintiff's claim that Customs'

refusal to reliquidate and refund excess duties, following an approval of a protest,

---

[17] All further citations to Chapter 19 of the Code of Federal Regulations are to the 2014 edition.

[18] CBP's decisions are "final and conclusive" as to, <u>inter alia</u>, the appraisement of merchandise, classification, rate and amount of duties chargeable, and the liquidation or reliquidation of an entry, unless a party files a protest or initiates a civil action in this Court contesting the denial, in whole or in part, of a protest.  19 U.S.C. § 1514(a).

constitutes the administration and enforcement of claims involving protests and reliquidation.   Instead, Defendant simply argues that because Plaintiff only has a suspended protest, and the "obligations set forth in section 1515(a) have not been triggered, jurisdiction does not lie in section 1581(i)."   Def.'s Br. 6; see Def.'s R. Mem. Further Supp. Def.'s Mot. J. Agency R. 3, July 24, 2017, ECF No. 43 ("Def.'s Reply"). Defendant claims Plaintiff could bring an action in this Court if Plaintiff submits a request for an accelerated disposition, and CBP "either actively denies the protest or fails to act" on it within the prescribed statutory timeframe.[19]   Def.'s Br. 14; Def.'s Reply 3. Defendant's reliance on 28 U.S.C. § 1581(a) ignores the "true nature" of Plaintiff's claim, namely that CBP's approval of a protest carries with it a mandatory duty to reliquidate. Cf., Norsk Hydro Can., 472 F.3d at 1355.

## II.   CBP's Refusal to Reliquidate Entries

Plaintiff contends that CBP allowed its protest and, accordingly, that CBP's refusal to reliquidate Plaintiff's entries and refund the duties paid by Plaintiff constitutes agency

---

[19] The court is unpersuaded by Defendant's argument that Plaintiff can obtain jurisdiction by filing a request for an accelerated disposition of its "suspended" protest under 19 U.S.C. § 1515(b). See Def.'s Br. 14; Def.'s Reply 3.   Under § 1515(b), CBP is statutorily required to issue a determination, i.e., "allo[w] or den[y] [a protest] in whole or in part," within 30 days of such a request being filed.   19 U.S.C. § 1515(b).   If CBP fails to take action, the statute presumes the protest was denied on the thirtieth day.   See id.   In order for Defendant's argument to be correct, CBP's decision to "approve" would have to be characterized as an intermediary decision in any subsequent protest review process leading to a denial.   If the approval were but a step in an ultimate denial, then that decision would merge with the subsequent denial and would be reviewable under 28 U.S.C. § 1581(a).   A decision to deny a protest decision in this case is a decision regarding classification of subject merchandise.   Plaintiff, however, is not challenging the classification of the merchandise here; Plaintiff is challenging Customs' authority to rescind what it perceives to be Customs' final decisions as to the classification of the merchandise.   See Pl.'s Br. 7–13.   That challenge is one which arises out of the administration and enforcement of protests and, therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(4).

action unlawfully withheld.  Plaintiff seeks a writ of mandamus directing CBP to refund

any excess duties assessed on the entries.[20]  See Pl.'s Br. 1, 13–18; see also 5 U.S.C.

§ 706(1).  Defendant argues that CBP acted in accordance with law when it rescinded its

initial approval of Plaintiff's protest prior to reliquidation, and therefore did not unlawfully

withhold agency action.  See Def.'s Br. 13–17.[21]  CBP acted in accordance with law.

    The statutory and regulatory scheme establishes reliquidation as the act which

allows a protest.  Pursuant to the statute, generally an importer "shall deposit with . . .

[CBP] at the time of entry . . . the amount of duties and fees estimated to be payable on

[the subject] merchandise."  19 U.S.C. § 1505(a).  CBP must "collect any increased or

additional duties and fees due, together with interest thereon, or refund any excess

---

[20] Defendant argues that "[t]he availability of a remedy under the APA precludes alternative relief for a writ of mandamus."  Def.'s Br. 9–10.  The court agrees that existence of an alternate APA remedy would preclude issuance of a writ of mandamus.  See Western Shoshone Business Council v. Babbitt, 1 F.3d 1052, 1059 (10th Cir. 1993).  However, in 5 U.S.C. § 706(1), the APA carried forward its prior practice of using writs of mandamus to achieve judicial review by fashioning the remedy of a mandatory injunction.  See Norton, 542 U.S. at 63; 5 U.S.C. § 706(1).  This form of relief has been construed to be "essentially in the nature of mandamus relief."  Mt. Emmons Min. Co. v. Babbitt, 117 F.3d 1167, 1170 (10th Cir. 1997).  Therefore, whether fashioned as a request for relief under 5 U.S.C. § 706(1) or as mandamus, Plaintiff is seeking a mandatory injunction directing CBP to perform an action unlawfully withheld.  It is within the Court's authority to grant such relief, and the court will construe Plaintiff's claim in this manner.

[21] This case is before the court on Plaintiff's motion for judgment on the pleadings pursuant to USCIT Rule 12(c).  See Pl.'s Mot. 1; Pl.'s Br. 1.  Defendant, in its cross motion for judgment on the agency record, argues that Plaintiff's claim is improper because the "sole vehicle for disposing of a matter brought under 28 U.S.C. § 1581(i)" is judgment on the agency record.  Def.'s Br. 9–10 (citing Practice Comment to USCIT Rule 56.1).  Defendant supports its argument by stating that this Court's rules "acknowledge the distinction between actions requiring the weighing and determination of facts and those requiring a review of the administrative record," and to proceed otherwise would have the court using methods and procedures designed for trial.  Id. at 9.  However, Defendant does not direct the court to any instance of Plaintiff relying upon information outside the pleadings to support its arguments.  Therefore, it is not improper for the court to consider this case on a motion for judgment on the pleadings.

moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation." Id. § 1505(b).  An importer may file a protest once liquidation occurs.  See id. § 1514(a), (c).  Section 1515(a) of Title 19 provides that CBP must review and either "allow or deny" a protest, and "thereafter" refund any excess moneys assessed or collected.  19 U.S.C. § 1515(a).  Section 1515(a) does not define what constitutes an "allowance."   However, since CBP must be prepared to refund "any duties, charge, or exaction found to have been assessed or collected in excess" as a result of an allowance, see id., logically, an allowance must, by its nature, involve the calculation of the excess duties paid, if any.  The statutory and regulatory scheme provide that it is liquidation or reliquidation that determines the amount of excess duties paid, if any.   19 U.S.C. § 1505(b) (providing that CBP "shall collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation."); see 19 C.F.R. § 159.1 (defining liquidation as "the final computation or ascertainment of duties on entries for consumption or drawback entries."); see generally H.R. Rep. No. 91-1067, at 29–30 (1970), reprinted in 1970 U.S.C.C.A.N. 3,188, 3,216 (noting that when Customs "allows" a protest, it is "reflected in notices of reliquidation and in refund payments").  In the present case, Plaintiff's protest was not allowed because reliquidation has not occur and, therefore, CBP has not failed to perform any mandatory, nondiscretionary duty.

Plaintiff's argument that the "approval" of its protest triggered a nondiscretionary duty, see Pl.'s Br. 7–13, ignores the legal significance that the statutory and regulatory scheme have given to liquidation and reliquidation.  Marking the protest "Approved" may

have indicated an initial determination regarding the protest; however, nothing in the

statutory scheme indicates that an "approval" triggers any mandatory CBP actions.

Customs' regulations prescribe the contents of a protest, see 19 C.F.R. § 174.13, which

CBP has embodied in Customs Form 19. See Dep't of Homeland Sec., U.S. Customs &

Border Protection, CBP Form 19 Protest (July 22, 2016), available at

www.cbp.gov/sites/default/files/documents/CBP_Form_19.pdf (last visited Oct. 30, 2017)

("CBP Form 19").[22] This form contains fields in which importers may include the required

protest information. See CBP Form 19. However, the bottom portion of the form contains

field 17, to be completed by CBP, entitled Protest Explanations. Id. Within field 17 are

several boxes, one of which is labeled "Approved."[23] Id. The statute speaks of CBP's

power to "allow" a protest, not to "approve" a protest.[24] See 19 U.S.C. § 1515(a). While

neither the statute nor the regulations define the term "allow," there is no reason to believe

that the term is synonymous with the term "approve."[25] More importantly, as discussed,

the statutory and regulatory schemes make clear that it is the act of reliquidation that

---

[22] The blank protest form cited here is the same, in relevant parts, to the protest form filed by Plaintiffs with CBP. Compare Compl. at Ex. A (reproducing Plaintiff's protest form) with CBP Form 19.

[23] The applicable statutory and regulatory schemes do not use the term "approve"; that term is found on the official CBP protest form. See CBP Form 19.

[24] The court recognizes that Defendant admits that the Import Specialist allowed the protest. Answer ¶ 13. However, the court is not bound by this admission when addressing a question of law concerning the interpretation of a statutory provision, i.e., whether the term "approved" as used in CBP Form 19 has the same legal consequences as the term "allow" as used in 19 U.S.C. § 1515(a). See CBP Form 19; 19 U.S.C. § 1515(a).

[25] The term "approve" is defined as "to make or show to be worthy of approbation or acceptance." Approve, Webster's Third New International Dictionary 106 (Philip Babcock Gove, Ph. D. and Merriam-Webster Editorial Staff Eds. 1993). The term "allow" is defined as "to accept as true or as represented" or "to permit by way of accession." Allow, id. at 58.

"allows" a protest and triggers a duty to refund excess moneys paid, if any. Id.; see also

19 U.S.C. § 1505(b) (directing Customs to collect or refund any duties, fees, and interest

upon liquidation or reliquidation of an entry); see also 19 C.F.R. § 174.29 (directing the

port director to allow or deny a protest, filed under 19 U.S.C. § 1514, which challenges a

Customs' decision pertaining to e.g., liquidation or reliquidation of an entry).

Plaintiff's arguments stem from its view that CBP allowed the protest.  Pl.'s Br. 9–

10.  It uses the terms approval and allowance interchangeably.  Specifically, it states "the

approval or allowance of a protest" required CBP to perform "certain nondiscretionary

legal duties."[26]  Id. at 9.  Plaintiff's counterarguments are based upon this false premise

as well, i.e., that Customs' approval of the Customs form constitutes an allowance.[27]

---

[26] Plaintiff invokes Wolff Shoe Co. v. United States, 18 CIT 768, 861 F. Supp. 133 (1994), to support its position that CBP allowed its protest by marking the "Approved" box on the protest form. Pl.'s Br. 8–9.  However, Wolff Shoe Co. is inapposite to the present inquiry because, there, the "Approved" protest form was accompanied by reliquidation of the entries, with excess moneys refunded to the plaintiff, see Wolff Shoe Co., 18 CIT at 768, 769, 861 F. Supp. 133, 134, and at issue in that case was whether the protest had been "approved" or denied in part. Id., 18 CIT at 769–70, 861 F. Supp. at 134.  A different question is before the court in the present case. Plaintiff's reliance on Hitachi Home Elecs. (Am.), Inc. v. United States, 661 F.3d 1343 (Fed. Cir. 2011), likewise falsely assumes that the act of approving a protest is equivalent to the act of allowing a protest. Pl.s' Br. 10–11.  In Hitachi, the Federal Circuit reasoned that CBP's statutory duty to "give back excess money" is "predicated on Customs having affirmatively done something: to wit, allow . . . a protest." Hitachi, 661 F.3d. at 1348.  Plaintiff, in turn, reads Hitachi to say that CBP's approval of a protest is such an affirmative action. Pl.'s Br. 10.  However, CBP will only refund excess moneys upon reliquidation, which, as addressed by this Opinion, is the event demarcating a protest allowance.  Furthermore, Hitachi actually stands for the proposition that CBP's failure to review a protest within the statutorily prescribed two-year timeframe will not result in a "deemed" or "automatic" allowance. Hitachi, 661 F.3d. at 1350.  A different question is before the court in the present case.

[27] In conjunction with its request for a writ of mandamus, Plaintiff also argues that CBP's failure to issue Plaintiff a refund of any excess moneys owed constitutes unreasonable delay. Pl.'s Br. 13–18; see also 5 U.S.C. § 706(1).  Defendant contends that Plaintiff has not demonstrated that

(footnote continued)

Plaintiff argues that Congress, in adding subsection § 1515(d) to Title 19 of the U.S. Code

which specifically addresses CBP's power to void denied protests demonstrates that CBP

has "no 'inherent' powers of voidance . . . to reverse an allowed protest because, if any

inherent power existed, Congress would never have legislated a voidance mechanism as

it did in § 1515(d)."  Pl.'s Resp. & Reply Br. 11–12; see 19 U.S.C. § 1515(d).  Likewise,

Plaintiff argues that, without the ability to compel CBP to refund excess duties, "a protest

allowance would never truly be final,"[28] contending that the agency might, months or years

later, "change its mind," declare that a mistake was made, and set aside the "allowance

of a protest."  Pl.'s Resp. & Reply Br. 16; see also Pl.'s Br. 11–13.  Plaintiff's reasoning

assumes that CBP allowed the protest in this case.  As discussed above, it is reliquidation

that allows a protest, and no party alleges that CBP reliquidated the entries after the

Import Specialist checked the "Approved" box on CBP Form 19.  Therefore, Plaintiff's

arguments must fail.

---

Customs unreasonably delayed issuance of a refund to Plaintiff.  See Def.'s Br. 18–23.  As explained throughout this Opinion, a protest is not allowed upon a box being checked on the protest form, but upon reliquidation.  Plaintiff's entries have not been reliquidated, and therefore Customs could not have unreasonably delayed issuing any refund, as those would be calculated upon reliquidation.  See 19 U.S.C. § 1505(b); see also 19 C.F.R. § 159.1.

[28] The question of what Customs can or must do subsequent to an allowance is not before the court.

**PUBLIC VERSION**

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the agency record is granted.  Judgment will enter accordingly.


        /s/ Claire R. Kelly
       Claire R. Kelly, Judge


Dated: November 3, 2017
     New York, New York